IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAMARA MOUSSA, :<br>:<br>Petitioner :<br>:<br>v. : 3:14-CV-01939<br>:<br>WARDEN CRAIG LOWE, et al., : (Judge Nealon)<br>:<br>Respondents : | |

FILED
SCRANTON
JAN 2 8 2015
PER _____
DEPUTY CLERK

## MEMORANDUM

Petitioner, Camara Moussa, formerly a detainee of Immigration and Customs Enforcement ("ICE") has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). He challenges his detention by ICE pending removal from the United States, as well as several attempts by ICE officials to remove him from the United States with an expired passport. Id. For the reasons set forth below, the petition will be dismissed.

### I. Background

Moussa, a native of Niger and a citizen of Mali, was admitted to the United States on September 20, 1999. (Doc. 1, Ex. A). On March 30, 2006, Moussa became a lawful permanent resident of the United States. Id. On April 20, 2011, Moussa was convicted in the United States District Court for the Southern District of New York of Conspiracy to Commit Access Device Fraud and Aggravated Identity Theft, Access Device Fraud, and Aggravated Identity Theft. Id. Based on

this conviction, on October 16, 2013, Immigration Judge Andrew R. Arthur ordered that Moussa be removed from the United States. Id. at Ex. B. Moussa waived his right to appeal this decision. Id.

On October 7, 2014, Moussa filed a petition for writ of habeas corpus with this Court. (Doc. 1). As relief, Moussa requests that this Court "grant interim release" while his removal is pending, and "[i]ssue an order enjoining Respondent from removing [Moussa] from the United States[.]" Id. On November 18, 2014, Respondents filed a reply, arguing that Moussa's petition should be dismissed as moot because he has been released from custody. (Doc. 6).

## II. Discussion

In his habeas petition, Moussa requests two forms of relief from two different actions undertaken by ICE. First, he argues that ICE's attempts to remove him from the United States with an expired Mali passport are illegal, and requests an injunction to prevent further attempts at removal without a valid travel document. Second, Moussa argues that his detainment is contrary to the United States Supreme Court's holding in Zadvydas v. Davis, 533 U.S. 678 (2001).

**A. Lack of Jurisdiction to Consider Moussa's Request for an Injunction**

First, Moussa requests that this Court issue an injunction preventing ICE from attempting to remove him from the United States unless and until valid travel documents are acquired. (Doc. 1).

To the extent that Moussa seeks to challenge the execution of an order of removal, this Court does not have jurisdiction to consider his claims. Title 8 U.S.C. § 1252(g) provides:

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

Here, Moussa challenges the execution of his removal order. (Doc. 1). Section 1252 divests this Court of jurisdiction over such matters. 8 U.S.C. § 1252(g). Consequently, this portion of the habeas petition must be dismissed for lack of jurisdiction.

### B. Moussa's Claims of Unlawful Detention are Moot

Next, Moussa seeks release from custody pending removal from the United States. (Doc. 1). Article III of the United States Constitution limits federal courts to the adjudication of only ongoing cases and controversies. U.S. Const. art. III, § 2, cl. 1. If at any time the petitioner does not have a "personal stake in the outcome" of the suit, "the case must be dismissed as moot." Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996).

"[A] petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court had addressed the merits of the

3

petition." DeFoy v. McCulough, 393 F.3d 439, 441 (3d Cir. 2005) (citing Lane v. Williams, 455 U.S. 624, 631 (1982)). Consequently, where an ICE detainee challenges his or her continued detention and only seeks release from that detention, the habeas petition becomes moot upon his release from custody. See Sanchez v. Att'y Gen. of U.S., 146 F.App'x 547, 549 (3d Cir. 2005).

Attached to the Respondents' reply brief is a copy of Moussa's Release Notification, revealing that he was released from ICE custody on or about November 14, 2014. (Doc. 6, Ex. 1). A search of the ICE online inmate locator system confirms that Camara Moussa, detainee number A099 202 061, is no longer in ICE custody. As the only remaining relief sought by Moussa is his release from ICE custody, this Court can no longer grant relief and the remainder of his petition must be dismissed as moot. Sanchez, 146 F.App'x at 549.

## IV. Conclusion

A review of the record reveals that this Court lacks jurisdiction to review Moussa's claim regarding ICE's attempts to effectuate the order of removal. Furthermore, the remainder of Moussa's petition, challenging his detention, is moot because he has been released from ICE custody. Therefore, the petition for writ of habeas corpus will be dismissed. A separate Order will be issued.

Dated: January 28, 2015

/s/ William J. Nealon
**United States District Judge**